[Civ. No. 24806.   Second Dist., Div. Three.   June 20, 1961.]

THE   PEOPLE,   Respondent,   v.   ONE   1955   FORD
VICTORIA,  SERIAL  NO.  U5LV102300,  Defendant;
OTHELLO W. FORTUNE, Appellant.

Harold J. Ackerman and Gerald D. Lenoir for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

BISHOP, J. pro tem.*—The judgment of forfeiture in this proceeding, brought under sections 11610-11629, Health and

*Assigned by Chairman of Judicial Council.

Safety Code, is based upon a finding that a narcotic had been transported in the offending vehicle. The finding, in turn, depends upon evidence which, the appealing defendant contends, should have been stricken, as he requested, because it was obtained as the result of an illegal search and seizure. We have concluded that the trial court was warranted in denying the motion to strike and are affirming the judgment.

The arresting officer, Brown, was the only witness called at the trial, and the picture as seen by the trial judge was created by his testimony. Brown was on duty in a felony car detail in "a high frequency crime area," at 8:40 p. m. on October 22d. He noticed a car parked on the wrong side of the street, at an angle, and went over to investigate. The passenger in the car "scooted over under the steering wheel, and got out on the lefthand side" leaving the door, next to the curb, open. Officer Brown asked him for some identification, which he produced, but he was quite nervous and had trouble getting it out of his wallet. He advised the officer that the owner was in the house and would be right out. The owner came out to the car, a moment later, and identified himself. He, too, was quite nervous.

After the owner came out, Officer Brown looked into the car, through the open door, and saw two brown paper sacks, the tops rolled around them, each enclosed in a rubber band. One of these was on the floor of the car, on the driver's side, and made visible by a light from under the dashboard. A portion of the other package protruded from under the seat, on the driver's side. Officer Brown had made hundreds of narcotic arrests, and knew from his experience that marijuana is often packaged in a paper bag, the top rolled and folded around the bottom, with a band around it. He had seen it packaged this way more than 20 times.

Officer Brown reached into the car, picked up the bag that was in plain sight on the floor and "asked the owner of the vehicle if this was what I thought it was." At first the owner didn't say anything; then he denied knowing what it was, or how it got in his vehicle. In about five minutes he said that it was marijuana, explained where he had picked it up and stated that he had left the bags on the seat of the car. The bags were received into evidence and it was stipulated that if the chemist were called he would testify that the contents of the bags were marijuana.

█ Officer Brown did not make any kind of a search of the car in letting his eyes fall on the bags that were visible in it. (*People* v. *Davis* (1961), 188 Cal.App.2d 718, 723

[10 Cal.Rptr. 610, 613], and cases cited.)　　He had to put his hand inside the vehicle in order to pick up the package concerning which he questioned the owner of the car. If this was a seizure, the trial court was quite justified in finding that it was not illegal if ''a man of ordinary care and prudence, knowing what the officer knows, would be led to believe or conscientiously entertain a strong suspicion'' that it was marijuana—to make use of the standard declared in *People* v. *Steffano* (1960), 177 Cal.App.2d 414, 417 [2 Cal.Rptr. 176, 178], and cases cited. We are not willing to say that the trial judge was wrong, as a matter of law, in concluding that the officer had the reasonable cause that justified him in picking up the rolled up bag to inquire of the owner about its contents. Every case, obviously, must be judged on its own facts, but we submit that the facts, held sufficient in *People* v. *Martin* (1956), 46 Cal.2d 106 [293 P.2d 52] and *People* v. *Blodgett* (1956), 46 Cal.2d 114 [293 P.2d 57], to justify the actions of the police officers in those cases, did not furnish as reasonable a basis for their actions as was furnished the officer in this case for his.

It may well be that a number of circumstances combine to create a strong suspicion, each of which, if operating alone, would justify no more than a mild suspicion. Here, the officer was aware that the driver of a car had not taken time to park it either parallel with the curb or to make a turn to park it on the right side of the street. He was told that the owner would be back in a minute. The passenger, who had hurriedly slid across the car's seat, and alighted, was jittery. So was the owner when he came out. Nervousness may be explained away, of course, but it has been noted among circumstances being taken into consideration. (*People* v. *Amos* (1961), 190 Cal.App.2d 384, 388 [11 Cal.Rptr. 834, 835].) To be sure the brown paper bags, closed with rubber bands, might have contained bird seed or some other legitimate merchandise, but they were also known to the officer to be a usual way of packaging marijuana. He was not acting unreasonably under all the circumstances, the trial court concluded with justification, when he picked up the package and inquired of the owner: ''if this was what I thought it was.'' It was, and the vehicle in which it had been transported was rightfully forfeited.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.