[Civ. No. 26503. Second Dist., Div. Three. Aug. 5, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. ONE 1958 CHEVROLET IMPALA, LICENSE NO. UHH 969, SERIAL NO. F580152434, Defendant; LORENE RICHARDSON, Defendant and Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Jack K. Weber and Norman G. Taylor, Deputy Attorneys General, for Plaintiff and Appellant.

Vaughn & Morrow for Defendant and Respondent.

SHINN, P.J.—Pursuant to sections 11612 and 11613 of the Health and Safety Code, notice of seizure and intended forfeiture proceedings were filed by the People against the defendant vehicle, charging a violation of section 11610 of said code in that a narcotic was kept, deposited or concealed in the vehicle. Based on a finding that the automobile was seized and evidence taken therefrom in the course of an illegal search and seizure the court denied the forfeiture. A motion for a new trial having been denied, the People appeal from the order denying the motion and from the judgment. The appeal from the order is dismissed. (Code Civ. Proc., § 963.)

On appeal from the judgment, the People argue, first, that the proceedings in question are civil in nature and, therefore, that the exclusionary rule regarding evidence obtained by illegal search and seizure does not apply and, second, that in any event, the search and seizure were not illegal, the officers concerned having had probable cause in their taking of the narcotic from the defendant automobile. Concurring in the second contention we do not reach the first, and, therefore, confine our remarks to the second contention.

The record discloses that at 2:30 a.m. on November 2, 1961, two police officers were in their vehicle facing north at an intersection, stopped at a stop sign. They observed the defendant vehicle heading toward them from the opposite side of the intersection. It was traveling in the middle of the road and its headlights were off. It was accelerating at such a speed that it came to a rolling stop out into the intersection. It thereupon turned in front of the police car in an easterly direction on the cross street. The police officers gave chase, turning on their red lights; after traveling about a block at approximately the speed limit for that street, the lights of the defendant vehicle were turned on and it made an abrupt right turn from near the center dividing line into the next cross street. It immediately made a sharp U-turn on that street and was traveling north when it stopped, blocking the two eastbound lanes of the street on which the police car was still traveling. The police car had to brake sharply and stop in order to avoid a collision. The cars were about 10 feet apart when stopped. The driver, Richardson, turned and looked at the officers. Officer Mackley testified: "When he saw us, he then looked downward toward the floorboards. His

right arm and shoulder went downward toward the floor-boards. It appeared to me he was either placing or picking something off the floorboard.'' Richardson got out of his car and met one of the officers halfway. Officer Mackley proceeded to the defendant vehicle without speaking to Richardson. The door was partly ajar and the officer opened it, turning on the dome light of the vehicle. He immediately saw 2 or 3 inches of a brown paper bag tightly wrapped with cellophane protruding from beneath the driver's seat. That area of the car was dirty and dusty, but the paper bag appeared to be clean. Officer Mackley, on more than two occasions, had seen marijuana wrapped in a paper bag; each time it was wrapped in this manner. He reached into the vehicle and removed the paper bag. It was stipulated that the bag contained a leafy narcotic, namely, marijuana or Indian hemp. Upon being confronted with the contents of the bag, Richardson stated: ''That stuff looks like marijuana.'' He denied having anything to do with narcotics since several years previous, when he was in the Army. He further stated in explanation of his manner of driving that he had been drinking, that the car was his, and that no one other than he or his mother drove it. Richardson did not testify nor produce any evidence at the trial.

The search was made without a warrant. Although the driver, Richardson, could have been arrested for the manner in which he was operating his vehicle, it might be argued that the search of his car cannot be justified on that ground, for it had no relation to the traffic violation and would not have been incidental to an arrest therefor. (*People* v. *Blodgett*, 46 Cal.2d 114 [293 P.2d 57].) But in the cited case it was held that it was not unreasonable for officers to question persons outdoors at night and that unusual conduct and furtive actions of persons using a cab furnished reasonable cause for search of the cab for narcotics. The actions of Richardson in the present case could not have failed to excite the suspicion of the officers. Although a furtive gesture alone is not sufficient to justify arrest or search without a warrant (*People* v. *Tyler*, 193 Cal.App.2d 728 [14 Cal. Rptr. 610]), it is clear that there were present, in the instant case, other suspicious circumstances sufficient to give probable cause. This is evident from the fact that Richardson operated his vehicle illegally and without lights at 2:30 a.m. at a rapid rate of speed, made an apparent attempt to evade the pursuit of the police car, and immediately exited his vehicle

rather than require the police officers to approach it when stopped. Since Officer Mackley saw the furtive action of Richardson before getting out of his car, he had reasonable grounds to believe that he was hiding contraband; the search of the car was therefore reasonable. Defendant's contentions that Officer Mackley, before opening the door to the vehicle, should have first questioned Richardson as to the existence of any weapons or persons inside the car and that he should have utilized his flashlight rather than the dome light of the car, are without merit. Once viewing the paper bag and the manner in which it was wrapped, the officer was justified in the taking and investigation of the same. As this court said in *People* v. *One 1955 Ford Victoria*, 193 Cal.App.2d 213, 215 [13 Cal.Rptr. 910]: ''To be sure the brown paper bags, closed with rubber bands, might have contained bird seed or some other legitimate merchandise, but they were also known to the officer to be a usual way of packaging marijuana. He was not acting unreasonably under all the circumstances. . . .''

The judgment is reversed.

Ford, J., and Files, J., concurred.

A petition for a rehearing was denied August 26, 1963.