[Crim. No. 12328. Second Dist., Div. Two. June 19, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. FRED PEREZ VIELMA, Defendant and Appellant.

Fred Perez Vielma, in pro. per., and Daniel L. Dintzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Clifford L. Schaffer, Deputy Attorneys General, for Plaintiff and Respondent.

ROTH, P. J.—On June 22, 1965, appellant was charged by information with possession of heroin (violation of Health & Saf. Code, § 11500). Three prior felony convictions involving marijuana and heroin were also charged.

Appellant waived jury trial. He was found guilty. The first two priors were stricken; the court found the third prior, illegal importation of heroin, to be true and sentenced appellant to state prison for the term prescribed by law.

On May 19, 1965, Officer Maga of the Narcotics Division, Los Angeles Police Department, obtained a search warrant to search appellant's apartment, a 1958 Ford, license number IBR 487, and the persons of Eleanor Madrid and appellant for narcotics. The affidavit in support of the warrant stated that on April 24, 1965, an unnamed informant, known to be reliable, disclosed to Officer Maga that appellant (known also as Calalo) and Eleanor Madrid (known also as Carreon and Holle) were selling heroin from the apartment and had sold some to the informant. The telephone number, NO 4-7471, for arranging a sale was also supplied and the officer was told a 1958 Ford, license number IBR 487, belonging to Eleanor, was used if delivery were required.

Officer Maga's affidavit further stated that on May 4, 1965, a second informant had told him that ''Calalo'' and ''Elle or

Elenor'' [*sic*] were dealing in heroin at the address of the apartment and the informant had personally purchased some in the past week. Both informants identified police pictures of appellant and Eleanor as the persons from whom they had purchased heroin. The officer's independent investigation revealed that the NO 4-7471 telephone number was located at the apartment address. The Ford was registered to a Norman J. Holle, and both suspects had long narcotics' records including prior convictions.

On May 20, 1965, the search warrant in their possession, Officer Maga and two other officers staked out the apartment premises. At around 11:35 a.m. Maga observed appellant leave the cleaning store in front of the apartment, walk to the rear of the building, and get into a 1957 Dodge parked in the lot. The police officers, not in uniform, drove their vehicle in front of the Dodge, parked, and went to either side of the car. One of the officers told appellant they were police.

As Officer Maga was looking into the car from the passenger's side, he saw appellant drop a crumpled cigarette pack from his left hand to the floor of the car. Appellant was asked to get out of the car and one of the officers reached in and picked up the cigarette pack. He opened it and found a portion of a red balloon containing a powder which later proved to be part heroin. Appellant was arrested and advised of his constitutional rights.

Appellant testified that two of the officers had taken him to his apartment while the third searched his car, not in appellant's presence, and later came to the apartment and said he had found the package in the car. Appellant denied the narcotics were his and said his car had been left unattended and unlocked the previous night.

Appellant contends that his defense was reduced to a sham and farce in that his counsel did not attack the truthfulness of the affidavit in support of issuance of a search warrant, did not move that identity of the informant be disclosed, and that he was not effectively represented. Appellant also asserts that the trial court erred in admitting the heroin into evidence since the warrant improperly described the car searched.

Appellant argues his trial counsel ''did not know of appellant's rights as set forth in Sections 995, 1539, and 1540 of the Penal Code''; (see *People* v. *Ibarra*, 60 Cal.2d 460, 464-465 [34 Cal.Rptr. 863, 386 P.2d 487]) and for this reason failed to attack the affidavit. This failure ''left the issue of

probable cause . . . up to the arresting officer's determination." The record affirmatively contradicts appellant's assertion.

On motion of the People to augment the record on appeal, the court has before it the superior court file containing, among other things, the search warrant, the affidavit in support of the petition for a warrant, notice of motion to quash and for an order suppressing seized evidence, and supporting points and authorities. An examination of the points and authorities filed in support of appellant's motion to quash shows that the motion was made pursuant to sections 1539 and 1540 of the Penal Code, and that appellant was contending that the prosecution was required to disclose identity of the unnamed informants.

The search warrant was valid on its face (see Pen. Code, § 1525) and was issued on the basis of affidavit showing adequate probable cause based on information obtained from informants in circumstances indicating "reliance on the information is reasonable." (*People* v. *Keener,* 55 Cal.2d 714, 721 [12 Cal.Rptr. 859, 361 P.2d 587]; *People* v. *Govea,* 235 Cal.App.2d 285, 297-298 [45 Cal.Rptr. 253].) ▮ Where the informant ". . . is not a witness on the issue of guilt, but has only provided information to justify an arrest, his identity need not be disclosed if the police had sufficient additional evidence to justify the arrest (*Priestly* v. *Superior Court,* 50 Cal.2d 812, 816-817 [330 P.2d 39]) or used the information provided by the informer to secure a valid warrant. (*People* v. *Keener,* 55 Cal.2d 714, 722-723 [12 Cal.Rptr. 859, 361 P.2d 587].)'' (*In re Harris,* 56 Cal.2d 879, 885 [16 Cal.Rptr. 889, 366 P.2d 305].)

Counsel fully asserted appellant's rights in challenging issuance of the warrant, and any contention of lack of adequate representation is spurious.

▮ Appellant contends the heroin found in the 1957 Dodge at time of his arrest should not have been admitted because the search warrant described a 1958 Ford. The officers had a valid warrant to search appellant's person, as well as certain described premises, for narcotics. This was sufficient authority to approach appellant when the officers saw him walk from the apartment premises to the parked Dodge. When the officers saw appellant make a furtive effort to dispose of a crumpled cigarette package, they had probable

cause to seize the object and examine its contents.[1] The officers were not relying on the warrant to search a 1958 Ford at this time; they were simply acting on what they observed having approached appellant's person by authority of a search warrant.

The law is clear that observation by police looking through a car window is not a search, and police officers may reasonably act on what they observe. (*People* v. *Hyde*, 51 Cal.2d 152, 157 [331 P.2d 42]; *People* v. *Martin*, 45 Cal.2d 755, 762 [290 P.2d 855].) What Officer Maga and his fellow officers saw appellant do, and the knowledge that narcotics are often secreted in a crumpled cigarette package (cf. *People* v. *One 1955 Ford Victoria*, 193 Cal.App.2d 213, 215 [13 Cal.Rptr. 910]) were sufficient grounds to search the vehicle, independent of the search warrant which described a different vehicle. Introduction of the heroin into evidence was proper.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied July 17, 1967, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1967.

---

[1] Officer Maga testified he had been a police officer for 18 years, assigned to narcotics work for four years, and had seen "balloons and capsules stuffed into an old cigarette package" before—"Ten, 15, 20 times. Numerous times."