[Crim. No. 14813.    Second Dist., Div. Two.    Dec. 18, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD CHARLES BORDWINE, Defendant and Appellant.

Roger S. Hanson for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

NUTTER, J. pro tem.*—Appellant was found guilty of possession of dangerous weapons and possession of narcotics, after the case was submitted to the trial judge on the transcript of the preliminary hearing. Appellant appeals from his sentence to the state's prison on both counts.

At approximately 8:30 or 8:45 of the evening of January 3, 1967, Officer Maltsberger, a Los Angeles County Deputy Sheriff, was on burglary patrol on the east side of Lancaster. It was dark. He observed that the car in which appellant was riding did not have proper illumination of the rear license plate. The officer turned on the patrol car's red light and honked the horn. The officer noticed the driver of the car lean forward and to the right and reach down just prior to stopping the car. Officer Maltsberger dismounted from the patrol car and approached the car from the right side. Appellant was on the passenger seat. Officer Maltsberger's partner recognized the driver as having been in police custody before. Before he reached the door of the car, Officer Maltsberger's partner signaled and said "He's got something" and pointed at appellant. Officer Maltsberger recognized appellant from past dealings with him and asked him to step out of the car. Appellant complied. The officer looked into the car from the outside and saw in plain sight a plastic package containing some .38 wad cutter ammunition (target ammunition). The ammunition was clearly visible in the plastic package.

The officer picked up the ammunition and asked defendant and his companion where the gun was that went with the ammunition. Appellant stated he did not have the gun—he left it at home. Officer Maltsberger then made a light patdown and cursory search of both appellant and the driver of the vehicle for weapons. In appellant's waistband the officer found a chrome automatic containing a clip with four rounds of ammunition. The officer told appellant he was under arrest for carrying a concealed weapon; he continued his search of

*Assigned by the Chairman of the Judicial Council.

appellant and found a black-handled stiletto type switchblade in appellant's left front pocket, and a straight razor in appellant's left shirt pocket.

In appellant's jacket, under the lining, the officer found a vial containing capsules. (Later identified as sodium secobarbital.) In a Winston cigarette box, also under the lining of appellant's jacket, the officer found 51 white tablets. (Later identified as amphetamine sulphate.) In appellant's pocket the officer found what appeared to be marijuana. (Later identified as marijuana.) It was stipulated that the gun found on appellant was tested and found operable.

Appellant contends there was no sufficient basis to justify the temporary detention and search of appellant at the time he was stopped because of a possible Vehicle Code violation. We do not agree.

Section 836, subdivision 1 of the Penal Code provides that a police officer may arrest without a warrant when he has reasonable cause to believe that a particular person has committed a public offense in his presence. Officer Maltsberger had reasonable cause to believe that appellant's vehicle was being operated in violation of Vehicle Code sections 24250 and 24601.

While the lack of adequate license plate illumination would not warrant searching either the driver of the vehicle or the passenger, appellant, in the instant case made furtive gestures and was observed to have a shiny object in his hands as the police approached. Appellant was known to the arresting officers and a package of ammunition was plainly visible to the officers. These facts amount to sufficient suspicious conduct to permit the police to detain appellant and as an incident to that detention, conduct a search of appellant for weapons. Appellant's reliance on *People* v. *Henze*, 253 Cal.App. 2d 986 [61 Cal.Rptr. 545], is misplaced.

In the case at bench the incident took place during darkness. The defendants gave the officers cause to believe they were violating motor vehicle laws, both distinguishing features as discussed by the court in *Henze* at pages 989 and 990. After observing the furtive action in the front seat the police officers were entitled to act reasonably on what they observed. (*People* v. *Vielma,* 251 Cal.App.2d 830-834 [60 Cal.Rptr. 301]; see also *People* v. *Monreal,* 264 Cal.App.2d 263 [70 Cal.Rptr. 256].)

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.