[Civ. No. 9866.  Fourth Dist., Div. Two. Dec. 8, 1969.]

JOHN WHITWORTH BERGERON, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

James C. Booth for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi and Bruce M. Patterson, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**TAMURA, J.**—Defendant seeks a writ of prohibition to enjoin respondent court from taking further proceedings in the trial of defendant on an information charging him with possession of marijuana. Defendant's motion under section 1538.5 of the Penal Code to suppress the use of the contraband as evidence was denied.

The motion to suppress was submitted on the transcript of the preliminary hearing. The facts may be summarized as follows: About 12:40 a.m. Officer Turner of the Highway Patrol observed defendant's Volkswagen southbound on the San Diego Freeway traveling at high speed. Defendant was in lane 2, the lane next to the inside lane of the five southbound lanes of the freeway. After pacing defendant for about one mile at 75 miles per hour and noting that defendant was gradually pulling away, Turner got behind defendant and turned on his red light. Defendant slowed down to 65 miles per hour and pulled over to the third lane. At this time Turner's partner flashed a white spotloght on the rear window of defendant's vehicle. Defendant continued in the third lane at a speed of approximately 65 miles per hour for about one-quarter mile before he applied his brakes. During this period Turner observed defendant's right arm go to the area of his face and then noted his right shoulder go down four or five inches. He also noted lateral body movement of five or six inches. After traveling the one-quarter mile in the third lane defendant applied his brakes, yielded to the right and came to a stop. The traffic was described as light to moderate.

Pursuant to Turner's request defendant alighted and went to the rear of the vehicle. Turner then examined the area under the front seat of the Volkswagen. He testified that from the movements of defendant's arm and body and his delay in stopping he suspected that defendant may have concealed a can of beer or some other alcoholic beverage. Turner found nothing under the seat but did find lumps of damp greenish substance on the right side of the driver's seat. It was stipulated that the substance consisted of 1.5 grams of marijuana and hashish. Defendant did not testify at the preliminary hearing or at the 1538.5 hearing.

There was neither a search warrant nor consent to search. While a stop for a minor traffic violation, without more, does not justify a search of a vehicle (*People* v. *Weitzer*, 269 Cal.App. 274, 275-276 [75 Cal.Rptr. 318]; *People* v. *Van Sanden*, 267 Cal.App.2d 662, 664-665 [73 Cal.Rptr. 359]) other than for weapons (*People* v. *Graves*, 263 Cal.App. 2d 719, 732-733 [70 Cal.Rptr. 509]), furtive conduct indicating that something is being concealed will justify a search of that portion of the

vehicle where it appeared that the object was hidden (*People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57]; *People* v. *Gil,* 248 Cal.App.2d 189, 193-194 [56 Cal.Rptr. 88]). ▮ There is no suggestion that the search in the instant case was motivated by the possibility that defendant possessed weapons. Consequently the question is whether defendant's conduct after the red light was flashed on him was such as would justify the search.

▮ There is no precise formula for determining the existence of reasonable grounds to search. Each case must be decided on its own facts and circumstances. (*People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].) ▮ A trial court's determination of the issue may be set aside only if there is no substantial evidence to support it. (*People* v. *Morales,* 259 Cal.App.2d 290, 295 [66 Cal.Rptr. 234]; *People* v. *Wozniak,* 235 Cal.App.2d 243, 250 [45 Cal.Rptr. 222]; *People* v. *Swayze,* 220 Cal. App.2d 476, 489 [34 Cal.Rptr. 5]. See *People* v. *Dickerson,* 273 Cal. App.2d 645, 650 [78 Cal.Rptr. 400].) In reviewing such determination, it must be borne in mind that the credibility of witnesses and the weight to be given their testimony are ordinarily matters for the trial court. (*People* v. *Shapiro,* 213 Cal.App.2d 618, 620 [28 Cal. Rptr. 907].)

▮ In the case under review there was sufficient evidence to support the trial court's determination that reasonable grounds for the search existed. From the movement of defendant's right arm towards his face, the lowering of the right shoulder and other bodily movements coupled with the delay in coming to a stop, Turner suspected that defendant may have concealed a can of beer or some alcoholic beverage. The weight to be given Turner's testimony that travelling for one-fourth mile at 65 miles per hour before applying brakes constituted an unreasonable delay in stopping was for the trial judge. Suspicious body movements coupled with a delay in complying with a signal to stop have been held to constitute sufficient justification for a search of a vehicle. (*People* v. *Gil, supra,* 248 Cal.App. 2d 189, 193-194; *People* v. *Shapiro, supra,* 213 Cal.App.2d 618, 621; *People* v. *Sanson,* 156 Cal.App.2d 250, 253 [319 P.2d 422].)

*People* v. *Moray,* 222 Cal.App.2d 743 [35 Cal.Rptr. 432], cited by defendant, is distinguishable. In that case defendant failed to make a boulevard stop. An officer who was on a motorcycle pulled abreast defendant's vehicle and asked him to stop. Defendant stopped promptly at the first available space. The only movement the officer observed was defendant's right shoulder raise up. The officer gave no reason for his search of the vehicle. Moreover, there was no testimony respecting the time of day or night when the search occurred. In the foregoing circumstances

the court concluded there were considerably more bodily and arm movements than observed by the officer in *Moray,* defendant failed to yield promptly after the red light had been flashed on him, and the officer testified that the movements and the failure to stop led him to believe that defendant had concealed an alcoholic beverage in the vehicle.

The alternative writ is discharged and a peremptory writ is denied.

Kerrigan, Acting P. J., and Mitchell, J. pro tem.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 5, 1970. Peters, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairman of the Judicial Council.