[Crim. No. 3576. Fourth Dist., Div. One. Dec. 12, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD JOHN SIRAK, Defendant and Appellant.

**COUNSEL**

Robert H. Green for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**COUGHLIN, J.**—Defendant was charged with the offense of possession of marijuana; made a motion to suppress evidence respecting marijuana taken from his automobile which was heard upon the transcript of the preliminary hearing and denied; was convicted following trial by the court without a jury; was placed on probation, the court declaring the offense a misdemeanor; and appeals, contending the court erred in denying his motion to suppress.

The sole issue for determination on appeal is whether there was probable cause to search defendant's automobile resulting in the discovery and seizure of marijuana.

On May 12, 1968, at 2 a.m., defendant was driving an automobile at 50 miles per hour in a 35 mile zone; was followed by an officer in a police car who displayed its red lights; but did not stop until the officer sounded the police siren. After sounding the siren, the officer noted defendant's automobile go toward the curbing; switched the lights of the police automobile to high beam; and saw defendant reach down below the front seat of the automobile toward the floorboard, toward his feet. Defendant's automobile struck the curbing and stopped. Defendant traveled over a half mile from the time he was given the red light signal until he finally came to a stop. The officer asked defendant, who remained in his automobile, for his driver's license; noted the odor of alcohol on his breath; directed defendant to step to the sidewalk; noted, as he walked, defendant "was very unsteady on his feet and as he stepped onto the sidewalk, he had difficulty in keeping his balance"; talked to defendant further; and asked him to remain on the sidewalk while he, the officer, proceeded to conduct a search of the automobile.

The officer testified he was of the opinion defendant was under the influence of an alcoholic beverage; "felt" he was going to arrest defendant at that time; but did not then "place him under arrest." The officer also testified the fact defendant reached down below the front seat of his automobile toward the floor caused him to believe defendant was attempting to conceal something beneath the front seat; he "felt it could be a weapon or anything"; but that, before the search, he had no idea what it might be.

The officer looked under the seat and found a plastic bag containing marijuana. He testified when he looked under the seat he had no idea what he was looking for; it could have been a weapon; he "had no idea what it was."

The trial court concluded the search was authorized as an incident to a lawful arrest upon the charge of "drunk-driving."

■ On appeal from an order denying a motion to suppress, it is assumed the trial court accepted that evidence, including the inferences reasonably deducible therefrom, which supports its ruling and rejected all other supporting a contrary conclusion. (*People* v. *Shapiro,* 213 Cal.App. 2d 618, 620 [28 Cal.Rptr. 907].)

■ The facts known to the officer, immediately preceding the search, establish the existence of probable cause to believe defendant was driving an automobile while intoxicated; and authorized a search of the automobile for additional evidence in support of the charge. The decisions in *People* v. *Gil,* 248 Cal.App.2d 189, 191 [56 Cal.Rptr. 88] and *People* v. *Shapiro, supra,* 213 Cal.App.2d 618, 620-622, are directly in point. The decision in *People* v. *Moray,* 222 Cal.App.2d 743, 746 [35 Cal.Rptr. 432], cited by defendant in support of a contrary conclusion is inapplicable; is not factually analogous; and, on this basis, was distinguished in *People* v. *Gil, supra,* 248 Cal.App.2d 189, 193.

Defendant contends the search in the case at bench, actually, was exploratory and was not made as an incident to a lawful arrest because prior to the search the officer did not make an arrest; had not determined whether he intended to make an arrest; and testified he had no idea for what he was looking.

Although the officer testified he had not made an arrest, he also testified he "felt" he was going to arrest defendant because he "felt" he was under the influence of intoxicating liquor. Assuming the officer, prior to the search, had not determined to arrest defendant, the fact remains the information he then possessed furnished reasonable cause to arrest. The trial judge dealt specifically with the issue thus presented; concluded an objective test rather than a subjective test governed the situation; and made his ruling accordingly. ■ A search as an incident to a lawful arrest is authorized if the information possessed by the officer furnishes probable cause to arrest even though, prior to the search, he does not evaluate the sufficiency of the evidence in this regard or form an intention to arrest. (*People* v. *Jones,* 255 Cal.App.2d 163, 169 [62 Cal.Rptr. 848]; *People* v. *Castro,* 249 Cal.App.2d 168, 176 [57 Cal.Rptr. 108].) ■ Where probable cause to arrest exists before a search is made, its legality is not affected by the fact the search precedes rather than follows the arrest. (*People* v. *Cockrell,* 63 Cal.2d 659, 666 [47 Cal.Rptr. 788, 408 P.2d 116]; *Willson* v. *Superior Court,* 46 Cal.2d 291, 294 [294 P.2d 36]; *People* v. *Simon,* 45 Cal.2d 645, 648 [290 P.2d 531].) ■ Likewise, the fact the search turns up evidence authorizing an arrest for an offense other than that justifying the search does not foreclose use of that evidence. (*People* v. *Gil, supra,* 248 Cal.App.2d 189, 192.) Defendant was fully aware of plaintiff's

contention justification for the search was premised on the existence of probable cause to arrest him for driving an automobile while intoxicated. (Gen. see *People* v. *Chimel,* 68 Cal.2d 436, 441 [67 Cal.Rptr. 421, 439 P.2d 333]—reversed on other grounds in *Chimel* v. *California,* 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034].)

█  Contrary to defendant's contention, the search was not exploratory. The officer intended to look under the seat for whatever object he believed the defendant was attempting to hide. His belief was justified by defendant's failure to stop his automobile within a reasonable time after activation of the red lights on the police car and his furtive conduct supporting an inference he was hiding something under the front seat of his automobile. (*People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57]; *People* v. *Shapiro, supra,* 213 Cal.App.2d 618, 620; *People* v. *Ruiz,* 196 Cal.App.2d 695, 699-701 [16 Cal.Rptr. 855].) The objective of the search was within the scope of a search authorized by an arrest for driving while intoxicated. The fact the officer testified he did not have any idea what he was looking for while conducting the search did not require a finding he did not have cause to believe the object of his search was evidence of the offense for which he had probable cause to arrest defendant, the instrumentality of that offense, or contraband. The ruling of the court implies a finding to the contrary.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.