[Crim. No. 17330. Second Dist., Div. Four. Aug. 10, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
EUGENE PAUL MERCURIO, Defendant and Appellant.

**COUNSEL**

Richard S. Buckley, Public Defender, James P. McGarry, James L. McCormick and Richard A. Curtis, Deputy Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Kenneth C. Young and Jimmie E. Tinsley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DUNN, J.**—On Sunday night, March 16, 1969, at approximately 11:30 p.m., appellant was walking eastbound on Hollywood Boulevard in Los Angeles. He started across the intersection of Las Palmas Avenue, against a traffic signal which showed "Don't Walk." He walked eastbound halfway across the intersection, then turned to his companion and motioned for him to follow. When his companion did not do so, appellant turned completely around and continued across the intersection, walking backwards. A police officer observing all of this placed him under arrest for violating Vehicle Code, section 21456, subdivision (b), *i.e.*: starting to cross against the signal.

Appellant was unable to produce any identification on request, so was arrested and transported to the police station pursuant to Vehicle Code,

section 40302, subdivision (a).[1] Before any actual booking (Pen. Code, § 7) took place, he was ordered to remove his clothes which were then searched. A vial of marijuana and a package of "Zig Zag" brand straw papers were found in his pants pockets and he thereupon was placed under arrest for violation of Health and Safety Code, section 11530 (possession of marijuana).

An information was filed charging appellant with violation of Health and Safety Code, section 11530, a felony. He pled "not guilty" and, on the day set for trial, made a motion to suppress the contraband under Penal Code, section 1538.5. The motion was denied. Appellant then withdrew his plea and pled "guilty." The court, exercising its discretion to declare the crime a misdemeanor, imposed a six months' suspended sentence and placed appellant on probation for one year, fining him $100 as one condition therefor.

Appellant's appeal from the conviction requires a review of his motion to suppress, under Penal Code, section 1538.5, subdivision (m). He raises two contentions: (1) the police exceeded the authority granted them under Vehicle Code, sections 40300-40307 when they transported him to the police station, searched and booked him, without first attempting to take him before a magistrate; (2) Vehicle Code, section 40302, subdivision (a), requiring the production of identification, does not apply to pedestrians.

**(1a)** If the police lawfully could have made a complete search of appellant at the moment of his arrest, the problem would be closer to solution since, if appellant could be searched initially, it would seem he could be searched later on while still in custody. (See *e.g.: People* v. *Weitzer* (1969) 269 Cal.App.2d 274, 291, fn. 7 [75 Cal.Rptr. 318].) ■ However, violation of a simple traffic regulation, standing alone, ordinarily does not justify a generalized search of the person. A traffic violation ordinarily involves no tangible property; hence no implement or fruit of the crime or infraction will be found and any search beyond that required for protection against violence is an unjustifiable intrusion. *People* v. *Weitzer, supra,* 269 Cal.App.2d at p. 290; *People* v. *Nunn* (1968) 264 Cal.App.2d 919, 923-924 [70 Cal.Rptr. 869]; *People* v. *Jones* (1967) 255 Cal.App.2d 163, 168-169 [62 Cal.Rptr. 848]. ■ Though an arresting officer, reason-

---

[1] Vehicle Code, section 40302 and subdivision (a) thereof reads as follows:

"Whenever any person is arrested for any violation of this code, not declared to be a felony, the arrested person shall be taken without unnecessary delay before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the arrest is made in any of the following cases:

"(a) When the person arrested fails to present his driver's license or other satisfactory evidence of his identity for examination."

ably fearing possible violence may search for weapons, in the case before us there is no evidence of suspected harm or of a weapon pat-down. Accordingly, the police, having no right to make a general search of appellant at the time of his arrest, had no continuing right based upon that arrest to make one later.

■ Another basis for a search arises at the time of a lawful booking for an intended incarceration. Thus, when a prisoner is booked at a police station, ordinarily he may be searched ". . . in order to prevent weapons and contraband from being brought into the jail, and to remove his personal effects from him." *People* v. *Rogers* (1966) 241 Cal.App.2d 384, 389 [50 Cal.Rptr. 559]. For a jailhouse search to be valid, however, the prisoner first must be brought lawfully to the jail for booking. This reaches the heart of appellant's contention, namely, that the intended booking and the related search did not come about lawfully.

■ Appellant distinguishes arrests made pursuant to Vehicle Code, sections 40300-40311, inclusive, from arrests made pursuant to Penal Code, section 849 under which the ordinary misdemeanant is immediately booked and jailed. We agree there is such a distinction (*People* v. *Wohlleben* (1968) 261 Cal.App.2d 461, 463 [67 Cal.Rptr. 826]) and the procedures set forth in the Vehicle Code are here governing. We note Penal Code, section 849 contains no provision for release without incarceration similar to that contained in Vehicle Code, section 40307, hereinafter discussed.

Vehicle Code section 40302 provides that a person arrested for a code violation, other than a felony, must be brought "without unnecessary delay" before a magistrate whenever such person fails to supply satisfactory identification. Respondent, noting that appellant was arrested at 11:30 p.m. on a Sunday night, contends it would be a "necessary," not an "unnecessary," delay to wait until the next morning to take appellant before a magistrate. In the meanwhile, argues respondent, common sense dictates that officers not be required to keep a culprit with them on beat or patrol but permits his incarceration, pending appearance before a magistrate the next morning.

The statute obviously is designed to insure that the violator will be held personally responsible for a Vehicle Code violation. On apprehending a violator, an officer has no assurance the violator will submit his correct name and address. When reliable identification is not supplied, a written promise to appear signifies little. For that reason, failure to submit identification subjects a violator to procedures which will insure either his appearance before a magistrate or his financial response to the violation charged.

This returns us to appellant's argument that Vehicle Code, section 40307[2] governs the situation. Appellant contends that if, as respondent insists, no magistrate was "available" at 11:30 p.m. on a Sunday night, the officers then were required to take him to one of the persons designated in the statute, who would admit him to bail in accordance with a bail schedule,[3] further urging that there is no right first to book and search.

This appears to us to be the more reasonable interpretation of the Legislature's intent. For example, if a magistrate is available and an arrestee is brought before him, Vehicle Code, section 40306 requires the magistrate to release him on his recognizance or upon such bail as he may then fix. Neither by direct statement nor by inference does this section provide for a booking prior to appearance before the magistrate. It is not reasonable to suppose the Legislature would subject an arrestee to incarceration and search because he is apprehended at nighttime on a weekend, without providing him an alternative method of making bail to avoid the indignity of jailing.

The parties commendably have furnished us with a history of the code sections and with extensive argument as to the meaning intended by the Legislature for the language it employed. However, we believe that meaning is quite evident from the sections, themselves, and reference by us to earlier enactments and to semantics is not required. ■ The Vehicle Code sections mentioned are not to be considered separately, but jointly, and "as blending into each other and forming a single statute." *Armenta* v. *Churchill* (1954) 42 Cal.2d 448, 455 [267 P.2d 303]; and see Vehicle Code, sections 6, 7. Thus, Vehicle Code, sections 40300-40311, inclusive, must be read together and interpreted together.

■ The court, in reversing a conviction for possessing marijuana, states in *People* v. *Dukes* (1969) 1 Cal.App.3d 913, 916 [82 Cal.Rptr. 218]: "(3) Conceding a person arrested for a jailable offense might be searched for contraband in the field (since he may be thoroughly searched when booked to prevent contraband from being introduced into the jail), the custody allowed under Vehicle Code section 40302, subdivision (a) is limited to taking the arrestee before a magistrate. If the magistrate is unavailable, the officer must take the arrestee before the clerk of the magistrate or the

---

[2]Vehicle Code, section 40307: "When an arresting officer attempts to take a person arrested for a misdemeanor or infraction before a magistrate and the magistrate or person authorized to act for him is not available, the arresting officer shall take the person arrested before the clerk of the magistrate or the officer in charge of the most accessible county jail, city jail, or other place of detention within the county, who shall admit him to bail in accordance with a schedule, fixed as provided in Section 1269(b) of the Penal Code."

[3]The uniform schedule adopted for Los Angeles County sets bail of $5 for walking against a "Don't Walk" signal. Also see: rule 850, California Rules of Court.

officer in charge of the jail so he may be admitted to bail (Veh. Code, § 40307; see *People* v. *Weitzer,* 269 Cal.App.2d 274, 291, fn. 7 [75 Cal. Rptr. 318])."

 We conclude the arrest of appellant was lawful, but the failure of the officers to take him before a magistrate, or to a person accepting bail in accordance with schedule, deprived the subsequent jailhouse search of validity. The trial court should have granted appellant's motion to suppress the contraband found by that search.

Because of the conclusion just reached, it is unnecessary to discuss appellant's second contention.

The judgment is reversed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied August 28, 1970, and respondent's petition for a hearing by the Supreme Court was denied October 22, 1970.