[Crim. No. 19019.  Second Dist., Div. One.  Feb. 26, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
ASCENSION YNIGUEZ, Defendant and Respondent.

**COUNSEL**

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger and Joseph P. Busch, Jr., District Attorneys, Harry Wood and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, Duane Peterson and Arthur L. Rolston, Deputy Public Defenders, for Defendant and Respondent.

## Opinion

**THOMPSON, J.**—This is a People's appeal from a dismissal of a criminal action after the granting of a motion to suppress evidence pursuant to Penal Code section 1538.5. We reverse the judgment of dismissal.

At about 2:15 a.m., on April 15, 1970, appellant was lawfully arrested for driving an automobile while under the influence of alcohol in violation of Vehicle Code section 23102. He was unsteady on his feet, his eyelids were "droopy" and his eyes bloodshot. He had the odor of alcohol on his breath. Appellant was transported to the Los Angeles County jail where a breathalyzer test was administered. The test disclosed a blood alcohol content of .19 percent. Appellant was delivered to the custody of jail personnel to be incarcerated. Preliminary to incarceration, he was required to empty the contents of his pockets. Appellant did so, revealing a "tin foil object" in which there were four amphetamine tablets.

Appellant was charged with possession of a restricted dangerous drug in violation of Health and Safety Code section 11910. He moved, pursuant to Penal Code section 1538.5, to suppress evidence of the amphetamine on the ground that it had been obtained in an illegal search. The motion was granted and the charge dismissed. The appeal by the People, which brings the case at bench to this court, followed.

### Issue on Appeal

Respondent concedes the validity of his arrest. The sole issue on appeal is thus the validity of the police station search which preceded respondent's incarceration after his arrest for violation of Vehicle Code section 23102.

### Validity of Search

The general rule is settled that a warrantless search, proper in scope and incident to a lawful arrest, does not violate any constitutional guarantee and that a search of a suspect conducted while he is booked for detention in jail pending release on bail is treated as incident to the arrest of the suspect. (*People* v. *Ross,* 67 Cal.2d 64, 70 [60 Cal.Rptr. 254, 429 P.2d 606], revd. on other grounds *sub. nom. Ross* v. *California,* 391 U.S. 470 [20 L.Ed.2d 750, 88 S.Ct. 1850].) Application of the general rule to arrests for misdemeanor violations of the California Vehicle Code, however, enters an unsettled area.

The Vehicle Code, in sections 40300 through 40311, establishes a statutory scheme for the immediate release of violators of stated Vehicle Code provisions upon their promise to appear; for the detention of persons who

violate other provisions while they are "taken without unnecessary delay before a magistrate" (Veh. Code, § 40302); and for immediate release on a promise to appear or detention while taken before a magistrate of a third class of offenders at the discretion of the arresting officer (Veh. Code, § 40303). The California cases are in possible disagreement concerning the power of an arresting officer to conduct a search incident to an arrest during the detention of the suspect to be taken before a magistrate pursuant to Vehicle Code sections 40302 and 40303.

Two decisions of the Court of Appeal hold that such a search, if it exceeds a cursory "pat down" for weapons, is illegal where the traffic offender is taken before the magistrate pursuant to Vehicle Code section 40302 because he fails to produce a driver's license or other identification. (*People* v. *Dukes*, 1 Cal.App.3d 913 [82 Cal.Rptr. 218]; *People* v. *Mercurio*, 10 Cal.App.3d 426 [88 Cal.Rptr. 750].) Two other Court of Appeal decisions hold a general search of a suspect for contraband valid where the officer arresting the suspect exercises the discretion vested in him by section 40303 to take the suspect before a magistrate rather than to issue a citation. (*Morel* v. *Superior Court*, 10 Cal.App.3d 913 [89 Cal.Rptr. 297], arrest for engaging in a speed contest in violation of Vehicle Code section 23109; *People* v. *Brown*, 14 Cal.App.3d 507 [92 Cal.Rptr. 473], arrest for reckless driving in violation of Vehicle Code section 23103.)

Resolution of the issue raised by the case at bench does not require that we seek to resolve the possible conflict in precedent. Application of both the general rules of search and the pertinent statutory language distinguish the case at bench from *Dukes* and *Mercurio*.

■ When there is a lawful arrest, a warrantless search "may be made . . . for instrumentalities used to commit the crime . . . and other evidence thereof which will aid in the apprehension or conviction of the criminal. . . ." (*People* v. *Superior Court* (*Kiefer*), 3 Cal.3d 807, 812 [91 Cal.Rptr. 729, 478 P.2d 449].) Vehicle Code section 23102 defines as a misdemeanor the operation of a motor vehicle while "under the influence of intoxicating liquor or under the combined influence of intoxicating liquor and any drug." ■ Where a suspect is arrested with probable cause to believe that he has been driving in violation of Vehicle Code section 23102, a search of the suspect's person for drugs is a search for evidence which will aid in conviction of the criminal. (See *People* v. *Robinson*, 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834].) No constitutional inhibition compels an officer, who has arrested a driver whose coordination is obviously impaired, to ignore the always present possibility that the impairment may be due to the combined action of drugs and alcohol. Respondent in the case at bench was searched at the police station and not in the field. Our Supreme

Court has held, however, that such a station house search is considered contemporaneous to the arrest of the suspect. (*People* v. *Ross, supra,* 67 Cal.2d 64, 70.)

In *Dukes,* the suspect was arrested for driving with an open container of alcoholic beverage in his car, and in *Mercurio,* the suspect was arrested for jaywalking. In neither case could a search of the person of the suspect be justified by the possibility that it might disclose evidence of the violation for which he was arrested. In *Dukes* and *Mercurio,* the search, once it proceeded past a determination that the suspect was unarmed, was purely exploratory. In the case at bench, the search was reasonably related to a determination of the suspect's possession of evidence bearing upon the crime for which he was arrested. The elementary principles governing the permissible scope of a search incident to a lawful arrest thus distinguish the case at bench from the two Court of Appeal decisions holding the search unreasonable.

■ The provisions of Vehicle Code section 40302 also validate the search in the case at bench. That section provides that when a person is arrested for a violation of Vehicle Code section 23102 (driving while under the influence), he "shall be taken without unnecessary delay before a magistrate. . . ." Section 40307 provides that if the magistrate is unavailable, the person arrested shall be taken before the magistrate's clerk or the officer in charge of the most accessible place of detention who shall admit him to bail in accordance with a schedule fixed as provided in the Penal Code. Here the arresting officers complied with the requirements of Vehicle Code sections 40302 and 40307, and any delay in compliance was not unnecessary. Detention prior to release on bail by the officer in charge of a jail while a person arrested for driving while under the influence of alcohol sobers enough to permit him to be released with safety to himself and to the public is a necessary delay in the process. (*Evans* v. *Municipal Court,* 207 Cal.App.2d 633, 636 [24 Cal.Rptr. 633].) Detention for the same reason prior to the time that the person is taken before a magistrate is similarly necessary. In the case at bench, the record establishes without contradiction that at the time respondent was arrested, his eyes were "droopy" and bloodshot. His blood alcohol content was .19 percent. It is a necessary inference that respondent was in no condition to be released on bail or to be taken before a magistrate. The necessity of detention present in the case at bench distinguishes it from *Dukes* and *Mercurio.*

■ Since it was necessary to detain respondent temporarily while the effect of the ingested alcohol was dissipated, it was equally necessary for the detaining officers to conduct a search reasonably required to protect respondent's safety during the time of detention and to protect the detention

facility from the introduction of contraband. (*Morel* v. *Superior Court, supra,* 10 Cal.App.3d 913, 917.)

We conclude, therefore, that the record in the case at bench establishes as a matter of law that the search of respondent was legal, whether it be treated as a search reasonable in scope and incident to his arrest or as a search reasonably necessary to his legally required detention.

## Disposition

The judgment of dismissal is reversed.

Wood, P. J., and Lillie, J., concurred.