No. 24991.

The People of the State of Colorado v.
Gary Wayne Overlee.
(483 P.2d 222)

Decided April 5, 1971.

DAVID L. WOOD, District Attorney, L. DUANE WOODARD, Deputy, for plaintiff-appellee.

FRED CLAUSEN, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS is an interlocutory appeal by a defendant, charged with unlawful possession of marijuana, seeking review of the trial court's ruling denying a motion to suppress the marijuana.

The defendant was riding a motorcycle in the City of Fort Collins. He was stopped by an officer who started to issue citations to him for the offenses of no safety inspection certificate, no operator's license in possession, expired temporary license plates, and careless driving. The officer discovered that the defendant resided in Aurora, Colorado, and explained to him that, if he were a resident of Fort Collins he would be permitted to sign a promise to appear in court; but, since he was an out of town resident, it would be necessary for him to come to

the police station and make bond. The defendant accompanied the officer to the station.

Two of the offenses — no operator's license and expired temporary license plates — could be charged only under state law in a state court. The other two charges — no inspection certificate and careless driving — were made offenses under the Fort Collins city ordinances.

There had been established in Fort Collins a standard bond amount for offenses such as these. The officer, upon reaching the station, made inquiry and ascertained that the bond amounts on the two alleged state offenses were $25 each, and that the amounts for the two city ordinance violations were $10 and $15, respectively. The officer advised the defendant that it was necessary for him to post $75 bond to cover all of the offenses. The defendant counted his money and found that he had only $63.99. He assured the officer that, if he might make a telephone call, friends in Fort Collins would appear shortly with the needed bail. The officer advised him that he would not wait for friends to arrive and that the defendant would have to be placed in a temporary detention jail cell until they arrived. The defendant was required to remove his money and personal effects, which were placed in a box and stored by the police department. This procedure was customary in the case of all persons who were incarcerated. After this had been done and while he was placing the box in storage, the officer noticed that, among the contents, there was missing a brown leather pouch that he had observed earlier attached to the belt of the defendant. The officer then checked the defendant's helmet, which was in another room, and found the leather pouch, which contained marijuana, hidden underneath the helmet's lining. The defendant was then charged with possession of marijuana.

Under 1965 Perm. Supp., C.R.S. 1963, 13-5-134, the officer would have been required to release the defendant without bond on the two state charges if the defendant had been afforded the opportunity to execute his written

promise to appear in court at a designated time and place, and did in fact execute it. But the defendant was never afforded the opportunity to sign such a promise. Thus, of the requirements made by the officer, he was correct only as to the deposit of $25 as bond to insure the appearance of the defendant pursuant to the two city ordinance charges. The testimony of the officer shows beyond any doubt that, if the defendant had produced $75 when this amount was specified by the officer, there would have been no search and the defendant would have been released immediately. One can reasonably conclude from the record that if the officer had required only $25 as bond — as he should have done — the defendant would have posted it and would have been immediately released; and there would have been no search.

An inventory search is justified as an incident of lawful incarceration. Since, under the circumstances of the instant case, the incarceration was illegal and unjustified, the search was also invalid. *People v. Mercurio,* 10 Cal. App. 3d 426, 88 Cal. Rptr. 750 (1970); and *People v. Wohlleben,* 261 Cal. App. 2d 461, 67 Cal. Rptr. 826 (1968).

The district attorney asserts that the mandate under the above cited statute is not exclusive by reason of the provisions of C.R.S. 1963, 13-5-135. We are certain that the district attorney meant to refer to section 136 instead of 135. We do not interpret section 136 to allow non-compliance with the mandate of section 134; rather, we are of the opinion that section 136 relates to other procedures concerning arrest. California has a statute almost identical to section 136, and it has been similarly interpreted in *People v. Wohlleben, supra.*

The record before this court does not contain the arguments presented to the trial court, and it is entirely possible that the argument upon which this opinion is predicated was not presented to the court. The district attorney has not raised the matter of possible failure to present the argument to the trial court. The motion to

206

suppress was broad enough in its terms to embrace the effect of section 134; and, even assuming that this section was not called to the trial court's attention, it would be an unwarranted use of judicial time to remand this matter for consideration by the trial court concerning the effect of section 134.

The ruling of the trial court is reversed and the cause remanded with directions that the motion to suppress be granted.