No. 25100.

THE PEOPLE OF THE STATE OF COLORADO *v.*
ROBERT ALLEN GREENWOOD.
(484 P.2d 1217)

Decided May 17, 1971.

STANLEY F. JOHNSON, District Attorney, RALPH S. JOSEPHSOHN, Deputy, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, JOHN A. PURVIS, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS is an interlocutory appeal by a defendant, charged with unlawful possession of marijuana, seeking review of the trial court's ruling which denied a motion to suppress the marijuana.

Defendant was observed by two police officers to be operating a vehicle in excess of the speed limit, and was stopped by those officers for that violation. By radio, the officers ascertained immediately that there was outstanding a "pick-up request" for the defendant because he allegedly filed a false accident report. The defendant was asked "if he would care to follow [the officers] down to the Police Station and [they] would clear this up," to which the defendant apparently acceded. Defendant drove his vehicle to the station and parked and locked it in the municipal parking lot behind the station.

Inside the police station further investigation was made, which revealed that the defendant's driving license

had been suspended less than one year earlier. Defendant was cited by the officers for speeding and driving with a suspended license, and informed that he would have to post a cash bond of $323 for the two offenses, being $23 for the speeding charge and $300 for the other charge. As the defendant was unable immediately to post that amount in cash, he was incarcerated.

The officers advised defendant that "we would have to impound the vehicle." With keys obtained from the defendant the officers made entry into the defendant's locked car for the purpose of making an inventory of the contents prior to having the car towed to an impounding garage. Apparently, it is standard procedure of this police department to impound vehicles of all persons incarcerated by the police while driving their automobiles, and the automobile remains in police custody until that person is released.

A paper bag of marijuana was discovered under the front seat of the automobile.

The trial court ruled that this inventory procedure was not a search within the meaning of the constitutional prohibitions against unlawful searches; that the officers were conducting a good faith inventory and not an exploratory search; and that the marijuana should not be suppressed.

It appears that there is a paucity of cases as to the validity of such an inventory procedure which are not affected by other factors involved in the search. So far as we are advised, the United States Supreme Court has not passed on the question and it is of first impression in this court.

We have decided to postpone a determination of the inventory question until some future time. The matter was submitted to and determined by the trial court prior to the announcement of *People v. Overlee,* 174 Colo. 202, 483 P.2d 222 (1971). In *Overlee* the officer erroneously advised the person that he would have to post a cash bond in the aggregate amount of $75 for four charges.

Two of these charges, constituting the basis for $50 of the bond money required by the officer, were under state law and were such that the defendant was entitled to sign a promise to appear rather than post a bond. The defendant had only the sum of $63.99 on his person. It was apparent that if correctly advised, he would have posted the bond on the other two charges, and the inventory search incident to his incarceration would not have been made. We held that marijuana obtained in the inventory search should be suppressed.

 Here the defendant was told by the arresting officer that he must post a $23 cash bond for the speeding offense and a $300 cash bond for the charge of driving with a suspended license. It is possible that upon another hearing the court may find that the defendant should have been released on posting only a $23 bond and signing a promise to appear on the charge of driving with a suspended license; and that the defendant would have posted the $23 bond if properly advised. Conceivably, the court might make these findings and others, resulting in a determination that the motion to suppress should have been granted under *Overlee.* We remand the matter for further hearing and determination in this respect.

In the event that the trial court at further hearing denies the motion to suppress, we request it to make findings and conclusions as to whether the police department had the right to impound the vehicle on this particular occasion and to reach a conclusion as to where the burden of proof lies on this question. We retain jurisdiction of this interlocutory appeal to the end that, if the court again denies the motion to suppress, the matter may return here on an interlocutory basis.