No. 25147.

THE PEOPLE OF THE STATE OF COLORADO *v.*
JESS ROY BORDEAUX.
(488 P.2d 57)

Decided August 30, 1971.

ROBERT R. GALLAGHER, JR., District Attorney, JOHN A. TOPOLNICKI, JR., Deputy, for plaintiff-appellee.

TERANCE D. HILL, JAMES E. KLODZINSKI, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS is an interlocutory appeal by a defendant charged with unlawful possession of cannabis sativa L. We affirm the trial court's ruling which denied defendant's motion to suppress the introduction of the marijuana in evidence.

The defendant was arrested for misuse of license plates, no operator's license and operation of an automobile in a defective condition. The arresting officers impounded defendant's automobile solely because of these three alleged offenses. The officers had no reason to suspect that there was any contraband in the defendant's automobile.

Following the arrest one of the officers asked the defendant whether there was anything in the car which he wanted removed. The defendant replied, "Yes, I want everything out." The officer told him that this would be impossible and the defendant replied as follows:

"Well, there better be everything in that car when I get it from the pound, because I know what's in there, and I want to be sure everything's in there."

As a result of this dialogue, the officers made an inventory of the contents of the car. While doing so the marijuana was discovered.

The trial court, upon ample evidence, made the following findings and conclusions:

"This Court believes that in the instant case that the officers had a duty, an official duty, to preserve the property of the Defendant and that it was the Defendant's statements which precipitated the inventory. The lawful entry into the car to make the inventory disclosed in plain view the paraphernalia related to the marijuana, and therefore, the Court feels that the ultimate search and seizure was reasonable and valid."

The only issue argued before us is whether contra-

band seized during the making of an inventory may be introduced in evidence. Stated more specifically, does the Fourth Amendment protect a person from introduction in evidence of articles obtained from an automobile when the sole reason for the entry into the automobile has been to make an inventory of its contents in connection with its impoundment resulting from the incarceration of the person in possession of the vehicle? However, since the statement of the defendant amounted to a consent to enter the automobile, as in *People v. Greenwood,* 174 Colo. 500, 484 P.2d 1217 (1971), we postpone a determination of the inventory question until some future time.

The defendant attempted to direct the police officers to enter his car and remove the articles which were in it. If this direction had been followed, the marijuana would have been found and would have been admissible in evidence. The above quoted statement which the defendant made immediately thereafter clearly compelled the officers to inventory the contents of the car for the protection both of the defendant and themselves, and we hold that as a matter of law this was a consent of the defendant for them to enter the car. Upon entry the articles in question were then in plain view. This entry being with consent and leading to the discovery of the articles in question, the ruling of the trial court was correct. *People v. Renfrow,* 172 Colo. 399, 473 P.2d 957 (1970).

We point out that our determination is predicated upon the consent and is limited to the narrow issue presented here.

Ruling affirmed.

MR. JUSTICE DAY and MR. JUSTICE HODGES not participating.