[Crim. No. 19724. Second Dist., Div. Four. Oct. 28, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
WADE LEROY WILKEN, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, Jr., District Attorney, Harry Wood and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Robert S. Canter for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—The People appeal, pursuant to subdivision (7) of section 1238 of the Penal Code, from an order dismissing a criminal prosecution under section 1385 of the Penal Code after the entry of an order pursuant to section 1538.5 suppressing evidence. For the reasons set forth below, we conclude that the 1538.5 motion was improperly granted and, therefore, that the dismissal was erroneous.

Defendant was stopped by police officers, after he had been observed driving erratically both on and off a freeway. He was arrested for a violation of subdivision (a) of section 23102 of the Vehicle Code (drunk driving).[1] He was given a field sobriety test and was transported to the police station, where he was given and failed a breathalyzer test. He was then searched and the amphetamine pills which form the basis of the present charge and were the subject of the present motion, were found.

The trial court granted a motion to suppress on the theory that the

---

[1]The validity of the arrest for drunk driving was not raised in the trial court. The contention made there apparently assumed that the original arrest was valid.

case was governed by our opinion in *People* v. *Mercurio* (1970) 10 Cal.App.3d 426 [88 Cal.Rptr. 750]. We conclude that that decision is not applicable to the case at bench.

■ Ordinarily, search of the person or an automobile is not justifiable as an incident to an arrest for a traffic violation, for the reason set forth by the Supreme Court in *People* v. *Superior Court (Kiefer)* (1970) 3 Cal.3d 807, 812-813 [91 Cal.Rptr. 729, 478 P.2d 449]: "[A]s an incident to a lawful arrest, a warrantless search . . . may be made (1) for instrumentalities used to commit the crime, the fruits of that crime, and other evidence thereof which will aid in the apprehension or conviction of the criminal. . . .

". . . Inasmuch as the 'instrumentality' used to commit the offense of speeding is, if anything, the automobile itself, a search of any portion of its interior cannot be justified on this ground. [Citation.] Moreover, there are no 'fruits' of such an offense, and the 'evidence' thereof is not subject to search and seizure as it consists essentially of the arresting officer's own observations and records. [Citation.]" (Italics and fn. omitted.)

However, as the footnote to the above quotation points out, there are situations (including the offense herein involved) where a search legitimately may be "incident" to a vehicle code arrest. The distinction between the case at bench and *Mercurio* was recently[2] pointed out by Division One of this court in the following language: "The Vehicle Code, in sections 40300 through 40311, establishes a statutory scheme for the immediate release of violators of stated Vehicle Code provisions upon their promise to appear; for the detention of persons who violate other provisions while they are 'taken without unnecessary delay before a magistrate' (Veh. Code, § 40302); and for immediate release on a promise to appear or detention while taken before a magistrate of a third class of offenders at the discretion of the arresting officer (Veh. Code, § 40303). The California cases are in possible disagreement concerning the power of an arresting officer to conduct a search incident to an arrest during the detention of the suspect to be taken before a magistrate pursuant to Vehicle Code sections 40302 and 40303.

"Two decisions of the Court of Appeal hold that such a search, if it exceeds a cursory 'pat down' for weapons, is illegal where the traffic offender is taken before the magistrate pursuant to Vehicle Code section 40302 because he fails to produce a driver's license or other identification. (*People* v. *Dukes,* 1 Cal.App.3d 913 [82 Cal.Rptr. 218]; *People* v. *Mercurio,*

---

[2]We point out that *Yniguez* was not decided until almost three months after the trial court's ruling in the case at bench.

10 Cal.App.3d 426 [88 Cal.Rptr. 750].) Two other Court of Appeal decisions hold a general search of a suspect for contraband valid where the officer arresting the suspect exercises the discretion vested in him by section 40303 to take the suspect before a magistrate rather than to issue a citation. (*Morel* v. *Superior Court,* 10 Cal.App.3d 913 [89 Cal. Rptr. 297], arrest for engaging in a speed contest in violation of Vehicle Code section 23109; *People* v. *Brown,* 14 Cal.App.3d 507 [92 Cal.Rptr. 473], arrest for reckless driving in violation of Vehicle Code section 23103.)

"Resolution of the issue raised by the case at bench does not require that we seek to resolve the possible conflict in precedent. Application of both the general rules of search and the pertinent statutory language distinguish the case at bench from *Dukes* and *Mercurio.*

"When there is a lawful arrest, a warrantless search 'may be made . . . for instrumentalities used to commit the crime . . . and other evidence thereof which will aid in the apprehension or conviction of the criminal. . . .' (*People* v. *Superior Court (Kiefer),* 3 Cal.3d 807, 812 [91 Cal. Rptr. 729, 478 P.2d 449].) Vehicle Code section 23102 defines as a misdemeanor the operation of a motor vehicle while 'under the influence of intoxicating liquor or under the combined influence of intoxicating liquor and any drug.' Where a suspect is arrested with probable cause to believe that he has been driving in violation of Vehicle Code section 23102, a search of the suspect's person for drugs is a search for evidence which will 'aid in conviction of the criminal.' (See *People* v. *Robinson,* 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834].) No constitutional inhibition compels an officer, who has arrested a driver whose coordination is obviously impaired, to ignore the always present possibility that the impairment may be due to the combined action of drugs and alcohol. Respondent in the case at bench was searched at the police station and not in the field. Our Supreme Court has held, however, that such a station house search is considered 'contemporaneous to the arrest of the suspect.' (*People* v. *Ross, supra,* 67 Cal.2d 64, 70.)

"In *Dukes,* the suspect was arrested for driving with an open container of alcoholic beverage in his car, and in *Mercurio,* the suspect was arrested for jaywalking. In neither case could a search of the person of the suspect be justified by the possibility that it might disclose evidence of the violation for which he was arrested. In *Dukes* and *Mercurio,* the search, once it proceeded past a determination that the suspect was unarmed, was purely exploratory. In the case at bench, the search was reasonably related to a determination of the suspect's possession of evidence bearing upon the crime for which he was arrested. The elementary principles

governing the permissible scope of a search incident to a lawful arrest thus distinguish the case at bench from the two Court of Appeal decisions holding the search unreasonable." (*People* v. *Yniguez* (1971) 15 Cal. App.3d 669, 671-673 [92 Cal.Rptr. 444].)

 Since the search was valid for the reason just stated, we need not consider the other arguments made by the People in support of the search.

The judgment (order of dismissal) is reversed; the case is remanded with directions: (a) to vacate the order granting the motion to suppress; (b) to enter an order denying such motion; and (c) thereafter to proceed according to law.

Jefferson, Acting P. J., and Dunn, J., concurred.