[Crim. No. 21159. Second Dist., Div. One. July 27, 1972.]

THE PEOPLE, Plaintiff and Appellant, v.
JOHN LEON GOMEZ, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Joseph P. Busch, District Attorney, Harry Wood and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, James L. McCormick, Richard M. Vega, Harry W. Brainard and Harold E. Shabo, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**THOMPSON, J.**—This is a People's appeal from an order dismissing an information charging respondent with possession of secobarbital entered after respondent's motion to suppress evidence of the contraband was granted. We reverse the order.

At 12:11 a.m., on April 30, 1971, respondent was arrested for misdemeanor drunk driving in violation of Vehicle Code section 23102. The arresting officer was of the opinion that respondent was driving his car while intoxicated by alcoholic beverages or a combination of alcoholic

beverages and drugs. Respondent concedes that the arrest was legal. Sometime "after midnight," respondent was transported to the Monterey Park police station by another officer. Immediately upon being booked at the jail in Monterey Park, respondent was searched. That search disclosed, in his pocket, the contraband which is the basis of the charge against respondent. On a motion pursuant to Penal Code section 1538.5, the trial court suppressed the evidence of contraband "on the law" holding that it was the product of an illegal search. It then dismissed the charge against respondent.

We conclude that the trial court erred in suppressing the evidence. While "in the typical traffic violation case . . . the 'circumstances justifying the arrest' . . . do not also furnish probable cause to search the interior of the car" (*People v. Superior Court [Kiefer]* 3 Cal.3d 807, 814 [91 Cal.Rptr. 729, 478 P.2d 449]) or the person of the driver (*People v. Superior Court [Simon]* 7 Cal.3d 186, 202 [101 Cal.Rptr. 837, 496 P.2d 1205]), the rule is different in the case of a suspect legally arrested for driving under the influence of alcohol or other drug. The suspect may, under those circumstances, be searched "for such substances" incident to the arrest. (*People v. Superior Court [Simon] supra*, fn. 12 at p. 202, citing *People v. Yniguez*, 15 Cal.App.3d 669, 672-673 [93 Cal.Rptr. 444].)

Here, it is undisputed that respondent was lawfully arrested for driving while under the influence of alcohol or some other drug. The arresting officer was both entitled and duty bound to search his person for evidence of the crime which might disclose the nature of the drug which caused the intoxication. (*People v. Yniguez, supra*, 15 Cal.App.3d 669, 672-673.) If, therefore, the "booking search" here is treated as a search of respondent's person contemporaneous with and incident to his arrest, it must be held valid. Compelling authority dictates that it must be so treated. Our Supreme Court in *People v. Ross*, 67 Cal.2d 64, 70 [60 Cal.Rptr. 254, 429 P.2d 606] (revd. on other grounds *sub nom. Ross v. California*, 391 U.S. 470 [20 L.Ed.2d 750, 88 S.Ct. 1850]) states: "A search of an arrested person at the time of his booking has always been considered contemporaneous to his arrest and is a reasonable search." (See also *People v. Munsey*, 18 Cal.App.3d 440, 448 [95 Cal.Rptr. 811]; *People v. Wilken*, 20 Cal.App.3d 872 [97 Cal.Rptr. 925].)

Citing *People v. Eddy* (Cal.App.) (in advance sheets only), respondent argues that the failure of the record to support a reason for his detention at the Monterey Park jail rather than his immediate release on bail invalidates the booking search. Our Supreme Court, however, while denying hearing in *Eddy,* has directed that it not be published in the official appel-

late reports (minutes, Supreme Court, May 18, 1972). *Eddy* is thus not of precedential value here. (See order of Supreme Court directing Reporter of Decisions not to publish the opinion in *People* v. *Bowling* (Cal.App.) (in advance sheets only), minutes, Supreme Court, May 5, 1972.)

Logic dictates a result contra to that for which respondent argues. Where our Supreme Court holds, as it does, that a police station search prior to booking is the legal equivalent of a field search at the time of arrest, it is irrelevant that the booking itself may be improper unless in some fashion the fact of booking increases the permissible scope of the search. By definition, there is probable cause to search. So long as the search does not expand beyond the scope permitted in the field, the suspect is not prejudiced because the search is delayed and occurs at the station. No purpose of the exclusionary rule is served by barring evidence obtained at the station which could have been seized in the field. To the contrary, to bar the evidence increases the possibility of violations of privacy in the field which might not occur in the somewhat more deliberate atmosphere of the station.

Here the station house search was no broader in scope than would have been permitted in the field. The search is thus valid and the evidence obtained by it admissible.

The judgment (order) is reversed.

Lillie, Acting P. J., and Clark, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 20, 1972. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.